FELIPE SÁNCHEZ OSORIO, demandante y apelado, *v.* SOFÍA VIZCARRONDO MONGRAND, LORENZO F. VIZCARRONDO, ELISA VIZCARRONDO DE GONZÁLEZ, y DOLORES (LOLÍN) VIZCARRONDO DE URRUTIA, demandados y apelantes.

No. 3807.—*Visto:* Marzo 4, 1926.  *Resuelto:* Marzo 11, 1926.

1. EMBARGOS—ANULACIÓN, DEJAR SIN EFECTO (*Vacating*), DISOLUCIÓN Y ABANDONO—CAUSAS QUE PRODUCEN LA NULIDAD DEL EMBARGO TRABADO—FIANZA QUE SE ANULA CON POSTERIORIDAD AL EMBARGO.—Trabado embargo sobre bienes de un demandado y anulada posteriormente la fianza prestada para obtenerlo, el embargo trabado es nulo.

2. EMBARGOS—ANULACIÓN, DEJAR SIN EFECTO (*Vacating*), DISOLUCIÓN Y ABANDONO—PERSONAS CON DERECHO A SOLICITARLO Y OBTENERLO—ESTOPPEL—PERSONAS QUE HAN PRESTADO FIANZA PARA LIBRARLO.—Trabado un embargo que descansa en una fianza que ha sido anulada, el hecho de que los demandados hayan prestado fianza para librar el embargo no les impide solicitar y obtener la cancelación del embargo trabado.

RESOLUCIÓN de *Pablo Berga,* J. (San Juan), declarando sin lugar moción sobre nulidad de embargo y cancelación de fianza. *Revocada.*

*A. Marín Marién,* abogado de los apelantes; *Leopoldo Feliú,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En un pleito seguido entre las partes de esta apelación el demandante solicitó el aseguramiento de la sentencia que se dictase en su favor y se decretó el embargo de bienes de los demandados con fianza de $7,000 para responder a los demandados de los daños y perjuicios que les causare por consecuencia del aseguramiento. Esa fianza fué prestada y aprobada por la corte inferior el 27 de agosto de 1925 pero el 3 de septiembre siguiente la corte, *motu proprio,* dejó sin efecto su aprobación por haber sido dada por error. Los fiadores no juraron el valor de los bienes inmuebles que tengan en Puerto Rico. Sin embargo, el 28 de agosto se embargaron bienes de los demandados y mediante fianza que éstos prestaron para responder de las resultas del pleito el embargo fué levantado.

Después de esos hechos los demandados solicitaron de la corte que anulase el embargo trabado en sus bienes porque se había hecho sin fianza válida prestada por el demandante, pero esa petición fué negada porque, aunque se reconoce que dicha fianza es defectuosa, se dice que "como el embargo quedó sin efecto por el afianzamiento de la obligación y el juez *motu proprio* dejó sin efecto la aprobación de dicha fianza, carece de finalidad el decretar su nulidad; no pudiendo en este estado del procedimiento cancelar la obligación afianzando la reclamación." Esta resolución ha motivado esta apelación.

Puesto que el embargo fué decretado previa prestación de fianza por el demandante para responder a los demandados de los daños y perjuicios que les causare en caso de que no prosperase la demanda y puesto que la fianza que dió el demandante con tal fin fué anulada, no tiene el demandante derecho a embargo de bienes de los demandados y es nulo el que se trabó descansando en una fianza que ha sido anulada, puesto que los demandados no están garantizados de que el demandante les responderá de los daños y perjuicios

que con el embargo le cause si no prosperase su acción; sin que el hecho de que los demandados hayan prestado fianza garantizando, la obligación reclamada para librar sus bienes del embargo impida a los demandados solicitar y obtener la cancelación del embargo que no está afianzado, ni tampoco haga que carezca de finalidad práctica esa petición pues esto equivaldría a declarar que cuando indebidamente se obtiene un embargo *pendente lite* debe sin embargo subsistir porque los demandados han usado de su derecho de librar sus bienes de él mediante fianza garantizando la obligación reclamada y daría por resultado que el demandante tuviera asegurada la sentencia que se dicte a·su favor sin prestar la fianza que se le exigió a ese efecto.

*La resolución apelada debe ser revocada* y dictarse otra declarando *nulo el embargo trabado* en bienes de los demandados y dejando sin efecto la fianza que ellos prestaron garantizando ·la obligación a fin de que fuese levantado dicho embargo.